UNITED STATES *v.* CALIFORNIA MILK PRODUCERS ASSOCIATION[1] ET AL. (No. 4566)

[1] C. A. D. 382.

United States Court of Customs and Patent Appeals, January 27, 1948

*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.

*Lawrence, Tuttle & Harper* (*Frank L. Lawrence* and *George R. Tuttle* of counsel) for appellees.

[Oral argument December 2, 1947, by Mr. Donohue and Mr. George R. Tuttle]

Before GARRETT, Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, sustaining 6 protests of appellees. The judgment is in accordance with a decision of the court, Abstract 51352.

Appellees protested the classification of certain imported merchandise by the Collector of Customs at the port of Los Angeles, pursuant to paragraph 1540 of the Tariff Act of 1930, as seaweeds, manufactured. The protests claim the merchandise to be entitled to free entry under the provisions of paragraph 1705 of the act as "Kelp."

The imported merchandise is undoubtedly ground seaweed and was described on the invoices variously as "seaweed (kelp) meal," "kelp meal" and "kelp powder."

The issue in this appeal is substantially identical with those in the cases of *United States* v. *Albers Bros. Milling Co. et al.*, 35 C. C. P. A. (Customs) 119, C. A. D. 380, and *United States* v. *Geo. S. Bush & Co., Inc., et al.*, 35 C. C. P. A. (Customs) 124, C. A. D. 381, decided concurrently herewith.

Here, as in those cases, appellees have relied upon our decision in the case of *Centennial Flouring Mills Co. et al.* v. *United States*, 29 C. C. P. A. (Customs) 264, C. A. D. 200, as controlling of the issue.

In that case we held certain merchandise, conceded to be in fact "kelp, ground," by Government counsel in the argument before us, to be free of duty. There we stated that Congress intended for tariff purposes to distinguish between kelp in any form and other seaweeds, whether crude or manufactured.

The deputy collector at the port of Los Angeles was the only witness appearing at the trial. The liquidations of the involved importations were made under his supervision. He testified that the

classifications were made "regardless of whether it may or may not have been that type of seaweed known as 'kelp'."

In view of that testimony, the trial court held that the invoice descriptions of the imported merchandise were unimpeached and undiscredited, and, therefore, they were sufficient to establish that the imported merchandise at the time of importation was in fact kelp.

We can not agree to that holding of the court. In our decision in the *Albers Bros. Milling Co. et al.* case, *supra*, we held that invoice descriptions are not of themselves sufficient to establish a *prima facie* case, as against the presumption of correctness attaching to the classification of the collector.

In the answer of the appraiser to protest No. 894268–G, the merchandise was described as "seaweed reduced to meal or flour, * * *" and his answer to protest No. 959808–G describes the merchandise as consisting of "ground seaweeds." Since the collector classified the merchandise involved in those two protests as "seaweeds, manufactured," the only question for decision with respect to those protests, as in the *Albers Bros. Milling Co.* case, *supra*, is whether the description of goods in an invoice is sufficient to overcome the presumption attaching to the classification by the collector. On the record before us, the invoices are not sufficient. See *Albers Bros. Milling Co. et al.* case, *supra*.

With respect to involved protest No. 987565–G, we do not find in the printed record, nor in the papers accompanying the appeal any answer by the appraiser nor report by the collector. The collector, however, classified the merchandise covered by that protest as "seaweeds, manufactured" and since there is nothing before us except the invoice description and the classification by the collector, our decision with respect to protest No. 987565–G must follow our decision with respect to the former two protests herein mentioned.

With respect to protests No. 689902–G, No. 711567–G, and No. 748276–G, the appraiser's answers and the collector's reports were not filed within 90 days after those protests were filed. Therefore, those reports and answers cannot be properly considered as evidence. In those three protests, therefore, the sole issue to be decided is whether or not the invoice description of the merchandise is sufficient to overcome the presumption of correctess attaching to the collector's classification. We hold on the record here it is not sufficient. See *Albers Bros. Milling Co.* case, *supra*.

For the reasons herein given, the judgment of the United States Customs Court is *reversed*.